**MORRIS BEAN & COMPANY, Plaintiff,**

v.

**REICHHOLD CHEMICALS, INC.,
Defendant.**

**Civ. A. No. 67–393.**

United States District Court,
N. D. Alabama, W. D.

March 25, 1971.

Leigh M. Clark, and Cabaniss, Johnston, Gardner & Clark, Birmingham, Ala., William C. Conner, Truman S. Safford and Garo A. Partoyan, and Curtis, Morris & Safford, New York City, and James M. Parker, and Gary, Parker, Juettner & Cullinan, Chicago, Ill., for plaintiff.

Douglas Arant, and Bradley, Arant, Rose & White, Birmingham, Ala. and Thomas F. Reddy, Jr., and Pennie, Edmonds, Morton, Taylor & Adams, New York City, for defendant.

## JUDGMENT ORDER

GROOMS, District Judge.

Plaintiff having moved for summary judgment on the basis of this Court's judgment in Arthur J. Schmitt Foundation and Morris Bean & Co. v. Stockham Valves and Fittings, Inc., D.C., 292 F. Supp. 893, (1) that Claims 1, 2, 3, 5, 6, 8, 9, 10, 11 and 16 of U. S. Patent No. 2,991,267 and Claim 1 of U. S. Patent No. 2,914,823 are valid and have been infringed by Stockham Valves and Fittings, Inc. by making resin-coated sand and using the same in making foundry molds or parts therefor, (2) that the phenol formaldehyde resin thus used was supplied by Reichhold Chemicals, Inc., who controlled and paid for the defense of said action, and (3) that said resin was not a staple commodity of commerce suitable for substantial non-infringing use but was specially formulated for making resin-coated sand and was sold by Reichhold Chemicals, Inc. with instructions for and demonstrations of such use; and all of the aforesaid parts of said judgment having been made on issues actually litigated in said action; and said judgment having been affirmed by the United States Court of Appeals for the Fifth Circuit (404 F.2d 13); and the Supreme Court of the United States having denied certiorari (398 U.S. 965, 90 S.Ct. 2177, 26 L.Ed.2d 549); and the parties herein having submitted written briefs and oral arguments on plaintiff's motion, and the Court being fully advised in the premises, it is hereby ORDERED, ADJUDGED and DECREED:

1. Defendant Reichhold Chemicals, Inc. is bound by the aforesaid judgment.

2. Claims 1, 2, 3, 5, 6, 8, 9, 10, 11 and 16 of said Patent No. 2,991,267 and Claim 1 of said Patent No. 2,914,823 are valid.

3. Defendant Reichhold Chemicals, Inc. has actively induced infringement of said claims, within the intent of 35 U.S.C. § 271(b), by selling to foundries phenol formaldehyde resin with instructions and demonstrations as to how to use such resin to make resin-coated sand and foundry molds covered by said claims.

4. Defendant Reichhold Chemicals, Inc. has contributorily infringed said claims, as defined by 35 U.S.C. § 271 (c), by selling to foundries a phenol formaldehyde resin constituting a material part of the resin-coated sand and foundry molds covered thereby, knowing said resin to be specially formulated for use in making resin-coated sand and foundry molds, and not a staple commodity of commerce suitable for substantial non-infringing use.

5. Defendant Reichhold Chemicals, Inc. and its officers, employees and agents are hereby restrained and enjoined from selling phenol formaldehyde resin to foundries for use in making resin-coated sand or foundry molds or parts therefor as covered by any of said claims during the respective remaining terms of said patents.

6. Damages shall be awarded against defendant Reichhold Chemicals, Inc. pursuant to 35 U.S.C. § 284, computed at a rate equal to the royalties being charged for licenses under said patents on all phenol formaldehyde resin sold by Reichhold for use in making resin-coated sand from July 12, 1961 to date, together with interest thereon from the dates of sale. If the parties are unable to reach an agreement as to the volume of such sales or the rate of such royalties, an accounting will be conducted to determine the same, at a time to be set and under procedures to be established by the Court upon application of either of the parties.

7. The taxable costs shall be assessed against the defendant Reichhold Chemicals, Inc.